IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CARMEN HEALAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO.  2:18-cv-902-JTA |
| v. ) | |
| ) | (WO) |
| KILOLO KIJAKAZI, ) | |
| Acting Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Pursuant to 42 U.S.C. § 405(g), the claimant, Carmen Healan, brings this action to review a final decision of the Commissioner of Social Security ("Commissioner").  (Doc. No. 1.)[2]  The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant 28 U.S.C. § 636(c).  (Docs. No. 13, 14.)

Based upon review of the record and the briefs submitted by the parties, the Court finds that the decision of the Commissioner is due to be AFFIRMED.

**I.   PROCEDURAL HISTORY AND FACTS**

Carmen Healan ("Healan") was born on January 26, 1977 and was 40 years old at the time of the administrative hearing.  (R. at 18, 30.)  She has a college education and has previously performed work in secretarial positions, as a retail salesclerk, and as an

---

[1] Under Federal Rule of Civil Procedure 25(d), the Court substitutes Kilolo Kijakazi, the acting Commissioner of the Social Security Administration, for Andrew Saul, the former Commissioner.

[2] Document numbers, as they appear on the docket sheet, are designated as "Doc. No."

elementary school teacher. (R. at 15, 40, 42.) She alleges a disability onset date of May 20, 2016, due to chronic back and leg pain, anxiety, and ulcerative colitis. (R. at 150, 167.)

On June 23, 2016, Healan filed an application for a period of disability and disability insurance benefits ("DIB"). (R. at 10.) The claim was initially denied on July 28, 2016. (*Id.*). Healan subsequently filed a written request for hearing on August 1, 2016. (*Id.*) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Healan's requests for benefits in a decision dated March 22, 2018. (R. at 10-19.) On September 17, 2018, the Appeals Council denied Healan's request for review. (R. at 1-5.) Therefore, the ALJ's decision became the final decision of the Commissioner. On October 22, 2018, Healan filed the instant action. (Doc. No. 1.)

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). "The Commissioner's factual findings are conclusive" when "supported by substantial evidence." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id*. at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529

(11th Cir. 1990).  The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner.  *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210.  However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*.  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

### III.  STANDARD FOR DETERMINING DISABILITY

An individual who files an application for Social Security DIB must prove that she is disabled.  *See* 20 C.F.R. § 404.1505; 20 C.F.R. § 416.920.  The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process.  *See* 20 C.F.R. § 404.1520.  The evaluation is made at the hearing conducted by the ALJ.  *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018).  First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity.  20 C.F.R. § 404.1520(b).  "Substantial gainful activity" is work activity that involves significant physical or mental activities.  20 C.F.R. § 404.1572(a).  If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).  Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that

significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1). In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ made the following findings:

1. Healan meets the insured status requirements of the Social Security Act through December 31, 2020. (R. 12.)

2. Healan has not engaged in substantial gainful activity since May 20, 2016, the alleged onset date. (*Id.*)

3. Healan has the severe impairment of degenerative disc disease. (*Id.*)

4. Healan does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (*Id.* at 14.)

5. Healan has the RFC to perform sedentary work as defined in 20 CFR § 404.1567(a) except she has the ability to stand for ten minutes, after sitting for 30 minutes while remaining on task; can occasionally climb ramps, stairs, stoop, crouch, and never crawl; never climb ladders, ropes, or scaffolds; avoid all exposure to hazards like machinery and unprotected heights. (*Id.*)

6. Healan is unable to perform any past relevant work. (*Id.* at 18.)

7. Healan was born on January 26, 1977, and was 39 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. (*Id.*)

8. Healan has at least a high school education and is able to communicate in English. (*Id.*)

9. There are jobs that exist in significant numbers in the national economy that Healan can perform. (*Id.*)

10. Healan has not been under a disability, as defined in the Social Security Act, from May 20, 2016, through the date of the decision. (*Id.* at 19.)

## V.   DISCUSSION

Healan argues three issues on appeal. (Doc. No. 12.) First, Healan argues the ALJ erred in failing to properly evaluate the opinion of her treating physician, Dr. Timothy Holt. (*Id*. at 3-7.) Second, Healan argues the ALJ failed to properly assess her RFC. (*Id*. at 7-10.) Third, Healan argues the ALJ failed to properly evaluate the opinion evidence from a vocational expert. (*Id*. at 10-11.)

The Court addresses each argument in turn.

### A. Evaluation of Treating Physician's Opinion

Healan contends the ALJ erred in evaluating the opinion evidence of her treating physician, Dr. Timothy Holt. (Doc. No. 12 at 3.) Healan avers the ALJ failed to sufficiently articulate her reasons for giving partial weight to Dr. Holt's opinion. (*Id*. at 7.) Healan contends Dr. Holt's restrictions included "no stooping[,]" so the ALJ improperly found that Healan can occasionally stoop. (*Id*. at 6.)

The Commissioner responds that the ALJ properly evaluated the opinion of Dr. Holt. (Doc. No. 15 at 4.) The Commissioner contends that treating source opinions are only entitled to controlling weight when they are supported by medically acceptable techniques and are not inconsistent with other substantial evidence in the case record. (*Id.* (citing 20 C.F.R. § 404.1527(d)).) The Commissioner also contends the ALJ outlined

evidence in the record that was inconsistent with Dr. Holt's opinion. (*Id.* at 5.) Additionally, the Commissioner contends that despite Healan's assertion that the drugs she takes have severe side effects, Dr. Holt's treatment notes fail to document any such side effects. (*Id.* at 6.) The Commissioner argues that Healan's admitted activities "directly contradict Dr. Holt's opinion that [Healan's] pain would preclude the adequate performance of daily activities." (*Id.*) The Commissioner concludes "Dr. Holt's examination findings and course of treatment, as well as other evidence of record, are not consistent with his opinion that [Healan] is totally disabled from performing all work[,]" therefore the ALJ "did not err with respect to Dr. Holt's opinion." (*Id.*)

The "opinion of a treating physician must be given substantial or considerable weight unless good cause is shown to the contrary." *Mills v. Berryhill*, 824 F. App'x 894, 897-98 (11th Cir. 2020) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (internal quotations omitted)). Good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records. *Id.* at 898; *see also Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "When good cause exists, the ALJ may disregard a treating physician's opinion but must clearly articulate the reasons for doing so." *Mills*, 824 F. App'x at 898. Failure to clearly articulate the reasoning for disregarding the opinion is reversible error. *Id.* (citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997)). "There is no reversible error if the ALJ articulates specific reasons, supported by substantial evidence, for not giving the opinion

7

of a treating physician controlling weight." *Id.* (citing *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005)).

Here, the ALJ did not err in evaluating Dr. Holt's opinion. The ALJ afforded Dr. Holt's opinion only partial weight and reasoned that his findings are "simply not consistent with the record as a whole." (R. at 17.) The ALJ recognized Dr. Holt as Healan's treating physician but decided that his "findings are not justified." (*Id.* at 17-18.) She concluded that Dr. Holt had understated Healan's ability. (*Id.* at 18.) Based on the record, good cause exists for the ALJ's determination. *See Mills*, 824 F. App'x at 898 (explaining that good cause exists when the physician's opinion is not bolstered by the evidence or when the evidence supports a contrary finding). The ALJ included substantial record evidence supporting her reasoning that Dr. Holt had understated Healan's ability. The evidence consisted of Dr. Holt not precluding part-time work; past physical therapy being helpful; the list of daily activities that Healan could still perform; and March 2017 appointments where Healan had good range of motion, good positioning of the rod and screw in her back, a rating of 5/5 on her motor test, a pain level of three on a ten point scale, normal gait, stood without difficulty, and reported that she was only taking her pain medication intermittently. (R. at 15-17.) By asserting that Dr. Holt had understated Healan's ability and laying out the above record evidence, the ALJ clearly articulated her reasoning for giving Dr. Holt's opinion only partial weight. Accordingly, the ALJ's decision is supported by substantial evidence and no reversible error was committed.

### B. Assessing Healan's Residual Functional Capacity (RFC)

Healan next argues that the ALJ erred in assessing her RFC by failing to include the required function-by-function assessment. (Doc. No. 12 at 7.) She asserts "[t]he ALJ misstated or ignored portions of the report" and contends "[t]here is no medical evidence or opinion to support the ALJ's assessment of [her] residual functional capacity." (*Id.* at 8, 9.) Healan also asserts "the ALJ was duty-bound to obtain a further consultative examination to assess [her] physical functional capacity." (*Id.*) Healan concludes that "[i]f the court cannot find medical support for the ALJ's assessment, the case should be remanded for further development of the medical record." (*Id.*)

The Commissioner submits that "while medical source opinions are considered, the final responsibility for determining [Healan's] RFC was reserved to the Commissioner." (Doc. No. 15 at 7 (citing 20 C.F.R. § 404.1527(e)(2)) (internal quotations omitted).) He contends that "while medical source opinions are relevant evidence, they are not determinative because the ALJ is charged with determining a claimant's RFC." (*Id.* (*citing* 20 C.F.R. § 404.1527(d)).) The Commissioner also asserts that substantial evidence supports the RFC determination and reiterates the reasoning used by the ALJ in her opinion. (*Id.* at 7-9.) He closes by stating that "[Healan] failed to show that her impairments resulted in any limitation in excess of her RFC for a modified range of sedentary work." (*Id.* at 9.)

The determination of RFC is within the authority of the ALJ and the assessment should be based upon all the relevant evidence of the claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1527(d). The ALJ has full responsibility

to determine a claimant's RFC. *Walker v. Soc. Sec. Admin. Comm.*, 987 F.3d 1333, 1338 (11th Cir. 2021); 20 C.F.R. § 404.1520. The ALJ does not have to order a consultative examination or medical expert testimony unless the record contains insufficient evidence from which the ALJ can make an informed decision. *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001); 20 C.F.R. § 404.1519a(b). Social Security Ruling 96-8p requires a "function-by-function" assessment. SSR 96-8p. The ALJ can satisfy this requirement by discussing the claimant's medical record and citing a regulation that defines the exertional demands of the claimant's RFC. *Williams v. Astrue*, No. 2:11-CV-2782-KOB, 2012 WL 4329301, at *2 (N.D. Ala. Sep. 19, 2012) (citing *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 263 (11th Cir. 2009); *Freeman v. Barnhart*, 220 F. App'x 957, 959-60 (11th Cir. 2007)). "The ALJ's decision does not have to refer to every specific piece of evidence that the ALJ evaluated, so long as the decision shows that she considered the claimant's medical condition as a whole." *Id.* (citing *Castel*, 355 F. App'x at 263).

Here, the ALJ satisfied the function-by-function requirement. First, the ALJ stated that she found "that [Healan] has the [RFC] to perform sedentary work as defined in 20 C.F.R. [§] 404.1567(a)[.]" (R. at 14.) Second, the ALJ discussed Healan's medical records beginning with her lumbar fracture resulting from an accident and ending with an evaluation of two medical appointments in March 2017. (R. at 15-17.) Additionally, there was no need for the ALJ to request a consultative evaluation. Even though the ALJ did not give the treating physician's opinion substantial weight, there was still enough evidence in the record to allow the ALJ to make an informed decision. *See Ybarra v. Comm'r of Soc. Sec.*, 658 F. App'x 538, 543 (11th Cir. 2016) (reasoning that even where a treating

10

physician's opinion is discounted, there can still be sufficient evidence to support an ALJ's finding without ordering a consultative examination). The fact that the ALJ relied on various treatments, responses to those treatments, Healan's ability to perform activities of daily living, and different medical appointments shows that there was enough evidence for the ALJ to make an informed decision. (R. at 15-17.) Because the ALJ satisfied the function-by-function requirement and did not need to request a consultative examination, the RFC determination was based on substantial evidence and the correct legal standard was applied.

### C. Evaluation of Vocational Expert's Opinion

Finally, Healan argues the ALJ erred in her evaluation of the opinion evidence from Randall S. McDaniel, Ed.D., CRC, a vocational expert. (Doc. No. 12 at 10.) Healan concedes that McDaniel is not a medical source, as found by the ALJ, but contends that Dr. McDaniel's opinion is "entitled to great weight as a vocational expert and should have been considered as required by 20 C.F.R. § 404.1527(f)." (*Id.*) Healan asserts that the "ALJ may not reject uncontradicted vocational testimony." (*Id.* at 11 (citing *Lamb v. Bowen*, 847 F.2d 698, 704 (11th Cir. 1988).)

The Commissioner counters that the ALJ discussed the vocational evaluation from Dr. McDaniel and properly gave it only partial weight. (Doc. No. 15 at 9.) The Commissioner argues "Dr. McDaniel 'based his opinion largely' on the restrictions opined by Dr. Holt" and asserts that "Dr. McDaniel's opinion that [Healan] was disabled based on Dr. Holt's report is largely irrelevant, as the ALJ did not adopt Dr. Holt's restrictions in the RFC finding." (*Id.* at 10) The Commissioner also argues that Dr. McDaniel's

vocational opinion is contradicted as the VE from the administrative hearing, Leigh Clemmons, testified that an individual with Healan's RFC could perform work. (*Id.*)

There is no dispute that the ALJ fittingly found that Dr. McDaniel was not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a)(1-5) (licensed physicians, psychologists, optometrists, podiatrists, and qualified speech-language pathologists are acceptable medical sources). According to 20 C.F.R. § 404.1527(f)(1), an opinion from a nonmedical source may outweigh the medical opinion of an acceptable medical source. Moreover, 20 C.F.R. § 404.1527(f)(2) states that "the [ALJ] generally should explain the weight to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the [ALJ's] reasoning, when such opinions have an effect on the outcome of the case." Further, when the ALJ gives greater weight to theses opinions than she does to a treating physician opinion "[she] must explain the reasons" for that decision. *Id.*

Here, the ALJ adequately explained the weight and reasoning she gave to Dr. McDaniel's vocational opinion. The ALJ clearly articulated that she gave Dr. McDaniel's vocational opinion partial weight and reasoned that Dr. McDaniel, like Dr. Holt, had understated Healan's ability. (R. at 17-18.) This amount of reasoning is more than enough considering the ALJ did not give Dr. McDaniel's opinion more weight than Dr. Holt's. Further, Healan's argument that Dr. McDaniel's opinion is uncontroverted is not persuasive. There are key differences between the opinions of Dr. McDaniel and VE Clemmons. (R. 50-55, 228-32.) Most notably, Dr. McDaniel relied solely on his original vocational evaluation report dated October 14, 2016 and a deposition of Dr. Holt to

conclude that Healan could complete part time work within her capacities (R. 228-229), while Clemmons viewed Healan's entire medical record, heard Healan's testimony at the administrative hearing, and was subject to examination by the ALJ and Healan's attorney under oath (R. 50-55). Therefore, the ALJ properly evaluated the opinion of Dr. McDaniel and there was no error.

## VI. CONCLUSION

After review of the administrative record, and considering all of Healan's arguments, the Court finds the Commissioner's decision to deny Healan disability is supported by substantial evidence and in accordance with the applicable law. Accordingly, it is hereby

ORDERED that the decision of the Commissioner is AFFIRMED.

A separate judgment will be issued.

DONE this 3rd day of August, 2021.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE